IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RYAN WILLIAMSON,<br>  Plaintiff,<br><br>v.<br><br>CITY OF PEKIN FIRE<br>DEPARTMENT, et al.,<br>  Defendants. | Case No. 1:13-cv-01436-JES-JEH |

### REPORT & RECOMMENDATION

The Plaintiff, Ryan Williamson, filed a Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 47).  For the reasons stated herein, the Court recommends that the Plaintiff's Motion be granted.

**I**

On April 25, 2014, after the Plaintiff's receipt of a Right to Sue Letter against the Board of Fire and Police Commissioners for the City of Pekin (the Board), the Plaintiff filed his Second Amended Complaint naming the Board as an additional Defendant and claiming that both the Board and the City of Pekin took employment actions against him that violated the Americans with Disabilities Act (ADA), 42 USC § 12111, *et seq*.  On September 10, 2014, the Defendants filed their Affirmative Defenses including absolute quasi-judicial immunity (raised only by the Board) and *res judicata*.  The Plaintiff first argues that the Board does not have absolute quasi-judicial immunity because it is a municipal entity and because the lawsuit was not brought against the Board's individual members.  The Board counters that in addition to its individual

1

members, it too should have immunity to ensure the full fidelity of the judicial process.[1]

## II

Federal Rule of Civil Procedure 12(f) provides that, "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

There can be no dispute that *Monell v Department of Social Services*, 436 US 658 (1978), is the seminal case on the issue of municipal liability in actions brought pursuant to 42 USC § 1983. In *Monell*, the Supreme Court concluded that "Congress *did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies[,]" and that municipal bodies sued under § 1983 cannot be entitled to an absolute immunity. Id at 690, 701 (emphasis supplied). *Monell* did not, however, address what other immunities municipal bodies may have under § 1983 or whether municipal bodies enjoyed immunity outside of the § 1983 context. Thus, *Monell* does not control the inquiry under the ADA in this case.

The Board has not cited, nor has this Court found, any cases directly answering the question presented in this case of whether the Board as an entity is entitled to absolute quasi-judicial immunity under the ADA. The reason for this is apparent, given that absolute quasi-judicial immunity is a personal defense available to effectuate its purpose of protecting an individual's "decision-making from being impeded by fear of litigation or personal monetary liability." *Crenshaw v Baynerd*, 180 F3d 866, 868 (7th Cir 1999); see also *Cleavinger v Saxner*, 474 US 193, 201 (1985) ("Absolute immunity flows not from rank or title or location within the Government, . . . but from the nature of the responsibilities of

---

[1] The Board does not dispute that it is a municipal entity, and the Plaintiff does not dispute that the individual members of the Board would be entitled to absolute quasi-judicial immunity.

the individual official") (internal citation omitted); *Hernandez v Sheahan*, 455 F3d 772, 776 (7th Cir 2006) ("Official immunities (judicial, legislative, absolute, qualified, quasi, and so on) are personal defenses designed to protect the finances of public officials whose salaries do not compensate them for the risks of liability under vague and hard-to-foresee constitutional doctrines"); *Tobin for Governor v Illinois State Board of Elections*, 268 F3d 517, 522 (7th Cir 2001) (explaining that the conditions under which members of the Illinois State Board of Elections operated supported an award of absolute immunity because such immunity was necessary to protect the board members from harassment and intimidation so that they could exercise their independent judgment); *Turner v Houma Municipal Fire and Police Civil Service Board*, 229 F3d 478, 483 (5th Cir 2000) ("[D]efenses such as absolute quasi-judicial immunity, that only protect defendants in their individual capacities, are unavailable in official-capacity suits"); and *McKivitz v Township of Stowe*, 769 F Supp 2d 803, 818 (WD Penn 2010) (highlighting that the plaintiffs asserted official capacity claims against the board, that they did not assert personal capacity claims against members of the board, that personal immunities were not available in official capacity actions involving claims against an "entity *qua* entity," and that quasi-judicial immunity only extended to an individual sued in his or her personal capacity).

Here, in arguing that the reasons for quasi-judicial immunity will only be served if extended to the individual Board members and the Board itself, the Board would have this Court disregard the policies behind absolute quasi-judicial immunity and the fact that absolute immunity is a personal defense. See cases cited *supra*. There is no reason to extend absolute quasi-judicial immunity to the Board itself where the reasons for that immunity are served by the individual members enjoying such immunity.

In fact, if the Court were to extend quasi-judicial immunity to the Board itself, it would enjoy immunity from suit entirely. Such an outcome was contemplated by the Seventh Circuit in the § 1983 context in *Capra v Cook County Board of Review*, and was rejected. 733 F3d 705, 712 (7th Cir 2013) (denying quasi-judicial absolute immunity to the Cook County Board of Review itself in the plaintiff's Section 1983 action because to hold otherwise would be "a dramatic expansion of immunity that would severely limit the scope of section 1983 further than Congress intended and further than the Supreme Court ever has").

In light of the particular facts and the case law discussed above, the Court recommends that the Board's affirmative defense of absolute quasi-judicial immunity be stricken.

### III

The Defendants state in their Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 46) that the Plaintiff was required to submit his claims for administrative review as required by the Illinois Administrative Review Law. Because he failed to do so, the Defendants argue that his claims in federal court under the ADA are barred by *res judicata*. The Plaintiff, however, argues that the Defendants' *res judicata* affirmative defense be stricken because an administrative decision does not act as *res judicata* to a federal ADA claim.

For *res judicata* to apply, there must be: 1) a final judgment on the merits rendered by a court of competent jurisdiction; 2) the same cause of action; and 3) the same parties or their privies. *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F3d 1075, 1079 (7th Cir 2011).[2] The Defendants do not

---

[2] Illinois *res judicata* principles are applied when the prior adjudication was in Illinois state court. *Chicago Title Land Trust Co.*, 664 F3d at 1079. As will be discussed *infra,* the Plaintiff did not adjudicate his claims previously in Illinois state court. However, the Defendants argue that the Plaintiff was required to do so, and thus Illinois *res judicata* principles apply for purposes of the analysis in Section III of this Report and Recommendation.

explain how the necessary elements are met in order for *res judicata* to apply in this case. Rather, the Defendants cite a handful of cases, none of which support their position.

In each of the Defendants' cited cases, the plaintiff had chosen to first pursue remedies in state court, and later found himself barred in federal court for failure to include the federal claims at the time he sought relief in state court. See *Garcia v Village of Mount Prospect*, 360 F3d 630, 633-34, 644 (7th Cir 2004) (holding that *res judicata* applied to the plaintiff's federal civil rights claims because it was possible for him to join those claims with his administrative appeal of the defendant police pension board's decision to the state circuit court which was resolved before the plaintiff filed suit in federal court); *Manley v City of Chicago*, 236 F3d 392, 394-95, 398 (7th Cir 2001) (holding that the plaintiff's federal civil rights claim was precluded by the *Rooker-Feldman* doctrine where he first pursued "inextricably intertwined" claims via a complaint for administrative review in state court); *Durgins v City of East St. Louis, Illinois*, 272 F3d 841, 843, 844-45 (7th Cir 2001) (explaining that the plaintiff's claim should have been dismissed on the defendant's affirmative defense of *res judicata* where she first proceeded with review of the defendant board of police and fire commissioners' decision in state court without also raising her constitutional theories); and *Pirela v Village of North Aurora*, 935 F2d 909, 910-11, 912 (7th Cir 1991) (deciding that the plaintiff's claim of discrimination in termination and suspension procedures in federal court filed subsequent to his complaint for administrative review of his discharge in state court was barred by *res judicata*).

To support his argument that the Defendants' *res judicata* defense should be stricken, the Plaintiff cites to the court's discussion in *Piquard v City of East Peoria* in which the defendants moved to dismiss the plaintiffs' ADA claims for, among other things, their failure to file an action in state court under the Illinois

Administrative Review Law within 35 days of service of the final decision of the board of trustees of the City of East Peoria Police Pension Fund. 887 F Supp 1106, 1118 (CD Ill 1995). The *Piquard* Court rejected the defendants' argument, explaining that, "State courts have concurrent jurisdiction over ADA cases, but plaintiffs may obviously decide their choice of forum." Id at 1118-19 (internal citation omitted). The Court went on to reject the "idea" that the plaintiffs should have filed a state court action challenging the board's decisions before filing their action in federal court. Id at 1119.

There is no indication whatsoever that the Plaintiff here first appealed the Board's decision in state court or is simultaneously seeking relief in state court for the claims he is pursuing in this case. Just as the plaintiffs in *Piquard*, the Plaintiff may decide his choice of forum. He chose the federal forum and no other, and thus his ADA claim is not barred. The Defendants' argument that impliedly, any federal discrimination claims not raised before the administrative hearing authority cannot be reviewed because only the record of the proceeding is reviewed during the administrative review process misses the mark in this federal lawsuit. The case law provides that a plaintiff may forego an administrative appeal to an Illinois circuit court. *Garcia*, 360 F3d at 644 ("[The plaintiff] *chose* to pursue an administrative appeal of the Board's decision to the circuit court. He could have foregone that appeal (thereby avoiding the aforementioned procedural complexities) and simply pursued his federal civil-rights claims solely in federal court . . . .") (emphasis supplied). Because a plaintiff may forego an administrative appeal to an Illinois circuit court, it does *not* stand to reason, as the Defendants attempt to argue, that because the Plaintiff here could have joined his claims in state court review proceedings, his failure to do so now bars his claim.

As an alternative basis to bar the Plaintiff's federal claim in this Court, the Defendants argue without any elaboration that comity concerns should result in the dismissal or barring of the Plaintiff's damages claims. The Supreme Court case the Defendants rely upon in support of that argument, *Fair Assessment in Real Estate Association, Inc. v McNary*, 454 US 100 (1981), involved claims entirely different from those the Plaintiff raises here. In *McNary*, the Supreme Court was called upon to resolve the question of whether a damages action may be brought under 42 USC § 1983 to redress the allegedly unconstitutional administration of a state tax system. Id at 101. The *McNary* court addressed the fact that the principle of comity has been recognized and relied upon by the Supreme Court in several other cases dealing with matters other than state taxes, but the *McNary* court also explained that those "modern expressions of comity have been limited in their application to federal cases which seek to enjoin state judicial proceedings, a limitation which we do not abandon here . . . ." Id at 112. The narrow holding of *McNary*, that taxpayers are barred by the principle of comity from asserting Section 1983 actions against the validity of state tax systems in federal courts, does not dictate that the principle of comity applies in this case to bar the Plaintiff from pursuing his ADA claim for damages.

For these reasons, the Court recommends that the Defendants' second affirmative defense of *res judicata* be stricken.

## IV

For all the reasons set forth above, the Court recommends that the Plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Second Amended Complaint (Doc. 47) be granted.

Any objection to this Report & Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. FRCP 72(b)(2); 28 USC § 636(b)(1). Failure to object will

constitute a waiver of objections on appeal. *Johnson v Zema Systems Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Lorentzen v Anderson Pest Control*, 64 F3d 327, 330 (7th Cir 1995).

Entered on November 13, 2014.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE
