E-FILED
Thursday, 08 January, 2015  10:08:23 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-1436 |
| ) | |
| CITY OF PEKIN FIRE DEPARTMENT, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

On November 14, 2014, a Report & Recommendation was filed by Magistrate Judge Jonathan Hawley in the above captioned case. Defendants have filed a timely Objection, and this Order follows.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that Defendants, the City of Pekin and the Board of Fire and Police Commissioners for the City of Pekin violated his rights under the Americans With Disabilities Act (ADA), 42 U.S.C. §12111, *et seq*. Defendant Board asserted an affirmative defenses of absolute quasi-judicial immunity, and both Defendants assert res judicata. Plaintiff moved to strike these affirmative defenses.

The Magistrate Judge noted that absolute quasi-judicial immunity is a personal defense designed to protect the personal assets of public officials whose salaries do not provide compensation for the risk of legal liability for decisions made in the course of their official duties. Accordingly, the Magistrate Judge cited analogous Seventh Circuit precedent in concluding that the

defense does not apply here, where the Board has been named as an official entity; the individual members of the Board have not been named, and their personal assets are therefore not at risk.

Defendants' objection to this recommendation merely invokes by reference the arguments made in their opposition to the Motion to Strike. This boilerplate objection fails to identify any portion of the Report & Recommendation that is either clearly erroneous or contrary to law. The Court agrees with the Magistrate Judge that Defendants are seeking an extension of the quasi-judicial immunity doctrine that is not supported by existing law. Defendants' objection is overruled.

The Magistrate Judge also found that Plaintiff's claims are not barred by res judicata for failure to submit them for administrative review under the Illinois Administrative Review Law, as federal and state courts have concurrent jurisdiction over ADA claims, and Plaintiff may choose to pursue relief in either forum. Defendants' objection in again the boilerplate incorporation of previously objected arguments that fails to demonstrate either clear error or a ruling that is contrary to law. The Seventh Circuit has held that a plaintiff may forego an administrative appeal and pursue federal civil rights claims in federal court. *See Garcia v. Village of Mount Prospect*, 360 F.3d 630, 633-34, 644 (7th Cir. 2004). Defendants' objection to the contrary is overruled.

## CONCLUSION

For the reasons set forth above, Defendants' Objections [54] are OVERRULED. The Report and Recommendation of the Magistrate Judge [53] is ADOPTED in its entirety, and the Motion to Strike [47] is GRANTED. Defendants' affirmative defenses of absolute quasi-judicial immunity and

res judicata are STRICKEN. This matter is again referred to the Magistrate Judge for further proceedings.

ENTERED this 8th day of January, 2015.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge